INHABITANTS OF KINGMAN, Petitioners,

*vs.*

COUNTY COMMISSIONERS OF PENOBSCOT COUNTY.

Penobscot.    Opinion February 26, 1909.

*Ways.   County Commissioners.   Return.   Certiorari.   Legislative Resolves. Resolve, 1907, chapter 36.   Revised Statutes, chapter 23, sections 4, 9, 39.*

When a highway has been laid out by county commissioners they must state in their return when the work of building the same shall be done. The language of the statute, R. S., chapter 23, section 4, "shall state in their return when it is to be done" is mandatory, not simply directory.

When a highway has been laid out by county commissioners but their return contains no statement when the work of building the same shall be done, such record would form no legal basis for proceedings under Revised Statutes, chapter 23, section 39, to cause the work to be done by an agent when it was not done by the town within the time prescribed therefor.

Where a highway located partly in a town and partly in a plantation, was laid out by county commissioners but there was an entire absence of any statement or provision in the return of the commissioners showing that any decision was made respecting the time within which that portion of the road in the plantation should be completed, *Held :* That this omission was a failure to comply with a mandatory requirement of the statute, and an error which materially concerned the town.

A petition for a writ of certiorari was filed in behalf of the plaintiff town against the county commissioners of Penobscot county to quash their records for errors alleged to have been committed in laying out a highway located partly in the plaintiff town and partly in Drew Plantation in that county, *Held :* That the writ should issue.

Ordinarily courts do not notice legislative resolves unless produced in evidence.

On report.    Petition for writ of certiorari.    Writ to issue.

Petition for a writ of certiorari in behalf of the town of Kingman, against the county commissioners of Penobscot county to quash their records and proceedings for errors alleged to have been committed in laying out a highway located partly in the town of Kingman and partly in Drew Plantation in said county.    By agreement

of the parties the certified copy of the record of the doings of the county commissioners in the premises was taken as the answer of the defendants.

The matter was heard before the Justice of the first instance without a jury and at the conclusion of the evidence, and by agreement of the parties, the cause was reported to the Law Court for determination upon so much of the evidence as was "legally competent and admissible."

The case is stated in the opinion.

*Hugo Clark,* for plaintiffs.

*H. H. Patten,* County Attorney, for defendants.

SITTING: EMERY, C. J., WHITEHOUSE, SAVAGE, PEABODY, SPEAR, BIRD, JJ.

WHITEHOUSE, J.   This is a petition for a writ of certiorari in behalf of the town of Kingman against the county commissioners of Penobscot county to quash their records and proceedings for errors alleged to have been committed in laying out a highway located partly in the town of Kingman and partly in Drew Plantation in that county. By agreement of the parties the certified copy of the record of the doings of the county commissioners in the premises is to be taken as the answer of the defendants. This record consists of a copy of the original petition for the road, the order of notice thereon and the return of the commissioners of their doings in attempting to locate and establish a way. The petitioners allege eight causes of error, the fifth and sixth of which are as follows; namely :

Fifth : Because it appears by the said return of the said commissioners and by the records thereof, that said commissioners state that a term of one year from the twenty-fourth day of September, 1907 is allowed to the town of Kingman, through which said road is located, to open and make the same, without stating, adjudging or designating in said return, or the records thereof, that any portion whatsoever of said county road or highway is to be opened, or that any portion whatsoever of the work or expense

thereof is to be done or borne by said Drew Plantation, and without limiting the portion of the same to be done by your petitioner, the said town of Kingman, to that portion of said county road or highway situate within its territorial limits, although it appears by the said return and the records thereof on the files and records of said commissioners in said matter in the custody of their said clerk, and it is a fact, that a considerable portion of said county road or highway passes through and is situate in said Drew Plantation.

Sixth : Because said commissioners do not state in their said return of their said doings, nor does it appear by the records thereof, when said way is to be done."

In the return of their doings the commissioners say :   "We proceeded to locate and establish said highway as prayed for, by metes and bounds as follows, namely :   "Commencing at Sprague's mill in said Drew Plantation on the northwest bank of the Mattawamkeag river at a hemlock stake marked C. R.," etc.   Thereupon they continue to give numerous courses and distances of the way as located throughout its entire length both in Drew Plantation and in the town of Kingman, and respecting the metes and bounds and time for opening the way conclude their return as follows :

"And we do further adjudge that said road shall be four rods wide, all the monuments at the angles thereof in the foregoing description named being the center of said road ; and a term of one year from the twenty-fourth day of September 1907, is allowed to the town of Kingman through which said road is located, to open and make the same."

It is provided by section 4 of chapter 23, R. S., that the county commissioners "shall make a correct return of their doings, signed by them, accompanied by an accurate plan of the way and state in their return when it is to be done, the names of the persons to whom damages are allowed, the amount allowed to each and when to be paid ;" and section 9 of the same chapter declares that "a time not exceeding two years shall be allowed for making and opening the way."

It requires no argument to show the wisdom and necessity of this provision requiring the commissioners to state in their return when the work of building the road shall be done. It may obviously be of great consequence to all who are likely to have occasion to use the projected way for travel and transportation. Important contracts for the transportation of lumber and other merchandise would naturally be made with reference to the time fixed for the opening of such a road. It is also important that towns having the burden of contributing to the expense of building the road should have definite information in regard to the time of performing the work in order to make seasonable tax levies and appropriations for that purpose. The language of the statute is imperative; commissioners "shall state in their return when it is to be done." The requirement is not simply directory, it is mandatory.

It has been seen that the county commissioners in the case at bar, made an adjudication as shown by their return, that "a term of one year from the 24th day of September 1907 is allowed to the town of Kingman through which said road is located, to open and make the same."

It is contended in behalf of the town of Kingman that strictly construed this statement in the return requires Kingman to build the entire road as located, including that portion of it in Drew Plantation as well as that within its own limits, and that the doings of the commissioners must for that reason be held unauthorized and void.

On the other hand it is contended by the county attorney in behalf of the commissioners that "it ought to be plain that Kingman had one year to build that part of the road located in the town of Kingman." He further insists "that it ought to be assumed that the part of the road located in Drew plantation had some provision for the construction of the same or it would have appeared in the record of the county commissioners," and he cites chapter 36 of the Resolves of Maine for 1907, being a "Resolve in favor of Kingman and Drew plantation." This resolve provides "that the sum of $2000 be and hereby is appropriated to aid in building a road from Kingman Village to Sprague's mill in Drew plantation. Said sum

to be drawn by and expended under the direction of the county commissioners of Penobscot county." But this private legislation was not pleaded by the defendants or introduced or offered in evidence, and "ordinarily courts do not notice resolves, unless produced in evidence." *Simmons* v. *Jacobs*, 52 Maine, page 158. But even if it be assumed that the court can properly take judicial notice of this resolve, it is manifest that it contains nothing either to supply the deficiency in the proceedings of the commissioners or to aid the return of their doings respecting the time within which the work of building that portion of the road located in Drew Plantation must be completed. In order to effectuate the intention of the commissioners, the language of their return may properly be construed to require the town of Kingman to build only that portion of the way located within its own territorial limits. There is then an entire absence of any statement or provision in the commissioners' return showing that any decision was made respecting the time within which that portion of the road in Drew Plantation should be completed. This omission is clearly a failure to comply with a mandatory requirement of the statute, and an error which materially concerns the interests of the town of Kingman. There would be no justice or propriety in compelling Kingman to build its part of the road in one year, and at the same time give Drew Plantation an indefinite time subject only to the limitation of two years allowed by section 9 of chapter 23.

Furthermore, such a record of the doings of the county commissioners would form no legal basis for proceedings under section 39 of the same chapter, to cause the work to be done by an agent when it is not done by the town within the time prescribed therefore.

It is accordingly the opinion of the court that the proceedings of the county commissioners are invalidated by this error and must be quashed. This conclusion in regard to the fifth and sixth errors above considered renders it unnecessary to pass upon the other errors assigned. The certificate must therefore be,

*Writ of certiorari to issue.*